**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
DIVISION

09 MAR 25 PM 12: 27

SOUTHERN DISTRICT
INDIANA
LAURA A. BRIGGS
CLERK

SUSAN and PATRICK STOLL, MARY and )
CHARLES BOWLES, individually and on )
behalf of all persons similarly situated, )
                                      )
            **Plaintiffs,**       )
                                        )
        -v-                      )
                                        )
KRAFT FOODS GLOBAL, INC., )
                                        )       **JURY TRIAL DEMANDED**
           **Defendant.**     )

**1 :09-cv-0364 LJM-DML**

## CLASS ACTION COMPLAINT

Plaintiffs, Susan and Patrick Stoll and Mary and Charles Bowles, individually and on behalf of all others similarly situated, by and through their attorneys, Shawn M. Collins, Edward J. Manzke, and Aaron W. Rapier of the Collins Law Firm, P.C., Norman B. Berger, Michael D. Hayes and Anne E. Viner of Varga Berger Ledsky Hayes & Casey, and Cory Brundage of Cory Brundage LLC, for their Complaint against Defendant, Kraft Foods Global, Inc., state as follows:

### NATURE OF ACTION

1.       This is a class action brought by and on behalf of over 100 families who live in an area in Attica, Indiana that has been contaminated by a nearby manufacturing facility formerly owned and operated by Defendant, as further alleged below.

2.       The air inside and soil and groundwater beneath the properties of Plaintiffs and other residents throughout the class area are contaminated with various hazardous substances released by Defendant at its nearby manufacturing facility.

3.       The chemicals released by Defendant into the class area include several known human carcinogens. Plaintiffs and class members have been and continue to be directly

exposed to these toxic chemicals, which are present in unsafe levels within and beneath their homes. As a result, the value of these homes has been substantially diminished.

4.    This Complaint details – and ultimately prays that Defendant be held accountable for – Defendant's knowledge, acts and omissions which are responsible for the contamination of Plaintiffs' and the Class' properties.

## THE PARTIES

5.    Plaintiffs, Susan and Patrick Stoll and Mary and Charles Bowles, are citizens of the State of Indiana, residing within this judicial district in Attica, Indiana. The Stolls own a home in Attica located at 904 Park Avenue, and the Bowles own a home in Attica located at 204 Kentucky Street.

6.    Defendant, Kraft Foods Global, Inc. ("KFG"), is a Delaware corporation with its principal place of business in Northfield, Illinois. KFG is the successor-in-interest to P.R. Mallory & Company, Inc. ("Mallory") with respect to environmental issues associated with Mallory's ownership and operation of a certain manufacturing facility in Attica, Indiana. Mallory no longer exists as a legal entity; through a series of mergers and name changes it has become KFG.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. Plaintiffs and all members of the proposed class are citizens of the state of Indiana, and Defendant is a citizen of the states of Delaware and Illinois. The matter in controversy exceeds the value of $75,000, exclusive of interests and costs.

8.    Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in this Court. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Fountain

County, Indiana, within this judicial district. Also, a substantial part of the property that is the subject of this action is located in Fountain County, Indiana, within this judicial district.

## THE FACILITY

9.      From 1957 through 1978, Mallory owned and operated a manufacturing facility and related waste storage and disposal areas at and around East Park Avenue, Attica, Indiana (the "Facility").

10.      Various hazardous substances, including trichloroethene ("TCE") and tetrachloroethene ("PCE"), were used at the Facility during Mallory's ownership and operation of the Facility.

11.      Mallory disposed of and released various hazardous substances, including TCE and PCE, into the environment at the Facility, resulting in contamination of nearby residential properties.

12.      Hazardous substances and wastes, including TCE and PCE, have been released from the Facility and have migrated into the class area. The groundwater and soil beneath Plaintiffs' and class area homes is contaminated. TCE and PCE vapors are present inside Plaintiffs' and class area homes. The entirety of the proposed class area is either contaminated or threatened by this very serious contamination.

13.      KFG has filed papers in Indiana state court claiming that it is the successor in interest to Mallory with respect to environmental issues concerning the Facility.

14.      KFG has informed the U.S. E.P.A. and residents of Attica that KFG is responsible for addressing environmental contamination issues relating to the Facility.

## CLASS ALLEGATIONS

15.     Plaintiffs bring each of the claims in this action in their own names and on behalf of a class of all persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16.     The Class consists of all persons and non-governmental entities that own residential property or reside on property located within the geographical boundaries specified on the figure attached hereto as Exhibit 1 (the "Class area"). Exhibit 1 is a figure prepared by KFG's environmental consultant and submitted to U.S. E.P.A., purportedly to reflect the area in Attica which is impacted or threatened by contaminants released from the Facility.[1] Plaintiffs' homes are located within the Class area.

17.     The Class consists of approximately 116 homes and more than two hundred people, and is accordingly so numerous that joinder of all members is impractical.

18.     There are core questions of law and fact that are common to each member of the Class, such as: whether there have been releases of hazardous substances and wastes, including TCE and PCE, at and from the Facility; whether such releases have migrated into and contaminated and/or threatened properties within the Class area; whether Defendant is legally responsible for the contamination in the Class area; whether Plaintiffs and the Class have been damaged by the contamination caused by the Facility; and whether Defendant should be ordered to abate the contamination present in the Class area.

19.     Plaintiffs' claims are typical of the claims of the Class. All claims seek recovery on the same legal theories and are based upon Defendant's and its predecessors' common course of conduct.

---

[1] Plaintiffs question whether KFG has appropriately defined the geographical scope of contamination emanating from the Facility, and thus reserve the right to later modify the boundaries of the proposed Class area based on information (including future testing) not presently available to Plaintiffs.

4

20.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.

21.     Plaintiffs have retained counsel who are competent and experienced in class action litigation, including environmental class action suits such as this one.

## COUNT I

## NEGLIGENCE

22.     Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 21 of the Complaint as paragraph 22 of this Count I, as though fully set forth herein.

23.     Defendant had and has a duty to Plaintiffs and the Class not to permit or allow hazardous substances and wastes, including TCE and PCE, at the Facility to invade the groundwater, soil and air at residential properties in the Class area. Defendant also had and has a duty to promptly respond to known releases of contaminants in a manner which would prevent further contamination, and otherwise protect Class area properties and the Class.

24.     Defendant has breached these duties by its negligent acts and omissions in owning, operating, maintaining, and controlling the Facility, by its improper release and disposal of contaminants, by its failure to properly handle, dispose of, contain and abate the hazardous wastes at, and released from, the Facility, and by its failure to promptly and effectively investigate and address the disposal and migration of contaminants off-site and into the Class area.

25.     Defendant has also breached its duty to timely warn members of the Class of the threatened and actual contamination of their properties, and the risk of personal harm due to the presence of TCE and PCE vapors within Class area homes.

26.     Defendant's breaches of its duties to Plaintiffs and the Class are continuing and have caused substantial injury and damage to Plaintiffs and the Class, including, but not limited to, injury in the form of damages to their property, loss of property value, loss of the reasonable use and enjoyment of their property, and aggravation and annoyance. In addition to compensatory damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area.

## COUNT II

## PRIVATE NUISANCE

27.     Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 26 of the Complaint as paragraph 27 of this Count II, as though fully set forth herein.

28.     The Facility is a private nuisance to Plaintiffs and the members of the Class. Defendant remains in control of the Facility with respect to addressing the contamination present there and which continues to impact neighboring properties.

29.     Contaminants improperly disposed at and released from the Facility continue to migrate into the Class area.

30.     Defendant has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. Defendant's continuing control over the Facility, so as to cause and permit further contamination of the Class area, constitutes an unreasonable, unwarranted and unlawful use of the Facility. Defendant's control and maintenance of this



nuisance has substantially interfered with Plaintiffs' and the Class members' reasonable use and enjoyment of their properties.

31.    Plaintiffs and members of the Class have incurred substantial damage as a result of Defendant's control and ongoing maintenance of the Facility, a private nuisance. In addition to damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area.

### COUNT III

### TRESPASS

32.    Plaintiffs, individually and on behalf of the Class as defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 31 of the Complaint as paragraph 32 of this Count III, as though fully set forth herein.

33.    Defendant continues to cause and permit contaminants to enter the Class area. This entry is unlawful and without the consent of Plaintiffs and the members of the Class.

34.    In addition, contaminants that originate from the Facility are known, or should be known, by Defendant to be present at, on and/or in Plaintiffs' and Class members' properties. In spite of this knowledge, Defendant has failed to remove or otherwise sufficiently remediate these contaminants from Class members' properties.

35.    Defendant has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. Defendant's past and continuing wrongful acts and omissions have resulted, and continue to result in: releases of contaminants from the Facility into

the environment; migration of such contaminants to the Class area; and invasion of Class area properties, without the consent of Plaintiffs or Class members.

36.      The invasion of Plaintiffs' and Class area properties is unreasonable and unlawful.  As a result of Defendant's continuing trespasses, the lawful rights of Plaintiffs and the Class to use and enjoy their property have been substantially interfered with, and Plaintiffs and the Class have been damaged.  In addition to damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area.

## COUNT IV

## WILLFUL AND WANTON MISCONDUCT

37.      Plaintiffs, individually and on behalf of the Class as defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 36 as Paragraph 37 of this Count IV as though fully set forth herein.

38.      Defendant has acted in a willful and wanton manner and in reckless indifference to Plaintiffs' and other members of the Class' health and property, and to the safety of the general public.

39.      Defendant knew that Plaintiffs and the Class are exposed to and otherwise threatened by this contamination, yet have failed to promptly and adequately investigate and mitigate the threat to Plaintiffs and the Class.

40.      Defendant has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility.  Defendant failed to adequately remediate the Facility and thereby continued to contaminate the Class area.  Defendant also failed to sufficiently

8



remediate Plaintiffs' and Class area homes, exposing Plaintiffs and the Class to hazardous chemicals.

41.      As a direct and proximate result of the willful, wanton and reckless acts and/or omissions of Defendant and its predecessors in interest, Plaintiffs and the Class have sustained damages. In addition to damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and in favor of the Class and against Defendant, and request:

A.      that the Court certify Plaintiffs' action as a class action on behalf of all others similarly situated, appoint Plaintiffs' counsel as counsel for the Class, and order that Notice be given to the Class of this action;

B.      that the Court preliminarily and permanently restrain and enjoin Defendant from allowing continued contamination of the Class area, and compel Defendant to abate the contamination it has caused in the Class area;

C.      that the Court award Plaintiffs and the Class compensatory and other appropriate damages in an amount to be determined by the evidence at trial and allowed by law;

D.      that the Court award Plaintiffs and the Class punitive damages as allowed by law and in an amount sufficient to deter Defendant and other companies and/or individuals who are similarly situated from acting in a similar manner; and

E.      that the Court award Plaintiffs and the Class costs of suit and such other and further relief as the Court deems appropriate and just.

## JURY TRIAL DEMANDED

Plaintiffs request trial by jury on all issues so triable.

Dated:  March 25, 2009

SUSAN and PATRICK STOLL,
MARY and CHARLES BOWLES,
individually, and on behalf of all
persons similarly situated

By: _____
One of Plaintiffs' Attorneys

Cory Brundage
Cory Brundage LLC
2500 One American Square
Indianapolis, Indiana  46282
(317) 639-4875

Shawn M. Collins
Edward J. Manzke
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois  60563
(630) 527-1595

Norman B. Berger
Michael D. Hayes
Anne E. Viner
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois  60604
(312) 341-9400