UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN STOLL, PATRICK STOLL, | ) | |
| MARY BOWLES and CHARLES BOWLES, | ) | |
| Individually and on behalf of all persons | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-0364-LJM-DML |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## Order Granting Kraft's Motion for Protective Order

This matter is before the court on Kraft Foods Global, Inc.'s ("Kraft") motion for a protective order. (Dkt. 95). Kraft seeks to prevent the plaintiffs' discovery of (1) Kraft's settlement agreements with insurers in state court coverage litigation and (2) information about environmental reserves for remediation of the subject property it set with assistance from its consultant, Lisa Krogman. (Dkt. 95) The court heard oral argument on these issues during a conference held on March 24, 2010, and the parties thereafter supplemented their arguments with briefs. Having considered all of those arguments, the court GRANTS Kraft's motion for protective order. This ruling is without prejudice to the plaintiffs' right to obtain reserve information work product if evidence later offered by Kraft waives that protection.

**Settlement Agreements**

Kraft seeks to prevent the plaintiffs' discovery of settlement agreements that resolved certain environmental insurance coverage claims Kraft brought in Montgomery Circuit Court. The plaintiffs contend that these settlement agreements are relevant to Kraft's control of the

1

property at issue in this case and to establish judicial estoppel, both of which rebut Kraft's claim in this case that it is not responsible for damage to the property. Kraft responds that the settlement agreements are not relevant, are confidential by their terms and by order of the state court, and that the strong public interest against disclosure of confidential settlement agreements weighs against their disclosure.

This court has already demonstrated its willingness to permit discovery of information deemed confidential in the Montgomery Circuit Court case when the plaintiffs establish the appropriateness of doing so. *See Order Regarding Production of Deposition Transcripts and Exhibits from State Court Litigation*, Oct. 15, 2009 (Dkt. 72). The court finds in this circumstance, however, that the relevance of the settlement agreements here is doubtful, and would, in any event, be substantially outweighed by the potential for confusing the issues in this case and by the policies favoring settlement. "Because opposing parties might settle cases for various and not necessarily mutual reasons, it cannot be assumed that the terms of the settlement would be relevant to the issues of liability or damages." *Centillion Data Sys. v. Ameritech Corp.*, 193 F.R.D. 550, 552 (S.D. Ind. 1999). Moreover, the plaintiffs have not demonstrated that a settlement, in itself, is a sufficient basis for the application of judicial estoppel.

The plaintiffs also argue that no special protection exists for settlement agreements, but the cases they cite are readily distinguishable because they involved disclosure to other parties in the same case. *See White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367-68 (N.D. Ill. 2001); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, *3 (S.D.N.Y.) (noting that the settling parties did not even argue that disclosure would frustrate the policy of encouraging settlement); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 71507, *3-4 (S.D.N.Y.);

*Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986). Here, the plaintiffs seek settlement agreements from a case to which they were not parties.

For these reasons, the court GRANTS the motion for protective order as to the settlement agreements Kraft entered in the Montgomery Circuit Court case. This order extends to the agreements themselves as well as discovery of their terms or details.

**Reserve Information**

In 1999, Kraft received a letter from Radio Materials Corporation ("RMC"), which claimed to be a former subsidiary of P. R. Mallory & Co., Inc. ("Mallory"). The letter informed Kraft that the EPA had issued a consent order that required investigation and possible remediation of an RMC site for any contamination that had occurred during the time Mallory had owned RMC. RMC asserted that Kraft had assumed Mallory's liabilities and sought reimbursement from Kraft for some of the compliance costs. Working with a consultant – primarily Lisa Krogman for purposes of this dispute – Kraft thereafter established reserve figures in connection with these claims. Lisa Krogman authored the environmental reserve, and the plaintiffs argue that this document is the "pre-eminent authority on the subject of Kraft's 'remedial actions.'"[1] *Plaintiffs' Memorandum in Opposition to Kraft's Motion for Protective Order*, March 30, 2010, p. 2 (Dkt. 97).

Kraft maintains that the reserve figures are protected by the work product doctrine because they were prepared in anticipation of litigation and are also protected by the attorney-

---

[1] Although other Kraft consultants have knowledge of the reserves, the focus of the dispute is on Ms. Krogman's role. This Order also extends to the work product of any other consultant who participated in creating the reserves and who has also been identified as a fact witness.

client privilege because Kraft's attorneys assisted in preparing the figures.[2] The plaintiffs do not dispute that these privileges would otherwise preclude discovery, but argue that Kraft has waived them by identifying Ms. Krogman as a witness.

The question at this juncture in the case is therefore whether Kraft has waived its privileges for the reserve information by identifying Ms. Krogman as a potential fact witness. The court discussed this issue with the parties during a telephonic discovery conference and invited supplemental briefing on the relevance of this court's decision in *Centillion Data Systems, LLC v. Qwest Communications Int'l, Inc.*, 1:04-cv-073-LJM-DML. There, Qwest sought to use Graves as a fact witness to testify regarding information that Graves had acquired while working for a different company. Qwest claimed that the information Graves had considered and developed in his role as a non-testifying consultant and his communications with Qwest's counsel were privileged. During the deposition of Graves, Qwest's counsel stated that he would prevent Graves from testifying about any documents that Graves had reviewed with them, and counsel objected to specific questions during the deposition that asked about particular communications between Graves and Qwest or its counsel.

In the *Order on Plaintiff Centillion Data Systems, LLC's Motion to Strike the Deposition Testimony of Michael Graves or, in the Alternative, to Compel Discovery*, 1:04-cv-073-LJM-DML (Dkt. 675) (S.D. Ind. June 5, 2009), this magistrate judge addressed whether Graves could testify for Qwest without production of the information he considered in his consultant role or the communications he had had with Qwest or its counsel. The court's analysis included the sources of the information, the nature of the information, whether the witness would have been in a position to acquire the information as a non-testifying consultant that forms the substance of

---

[2] The parties also dispute the relevance of the reserve information, but the court need not decide that issue now, in light of its determination that there has not yet been a waiver.

his fact witness testimony, and prior relationships with either party. These factors address the concern that when a consultant's role is based on the same facts as to which the consultant will be offering fact testimony, application of the work product or attorney/client protections would block the adversary's discovery of communications and information that could have influenced that fact testimony. After review of Qwest's *in camera* submissions, the district judge determined that Graves's consulting role was based on matters distinct from his fact testimony, thereby permitting Qwest's assertions of privilege to stand.

After reviewing the supplemental briefs by the parties, the court finds that there is no basis at this juncture for finding that Kraft has waived privileges otherwise accorded to the reserve documents Ms. Krogman authored. In *Centillion*, Qwest had already presented the fact testimony of its consultant, and the court was in a position to determine whether the fact testimony Qwest had offered through Graves was distinct from the facts surrounding his consulting role. But Ms. Krogman has not yet testified, nor has Kraft offered her testimony on any subject. The act of listing her as a potential witness is not in itself a waiver. The court has no idea whether Kraft will actually use her as a witness or if so, on what facts she will testify. The court therefore has no basis for concluding that the facts underlying her testimony are indistinct from those developed in her role as consultant. Unless and until Kraft presents evidence through Ms. Krogman (or permits her to testify) about subjects indistinct from the consulting role it wishes to protect, it has not waived protection. This court's decisions in *Centillion* will govern the analysis of this issue, should it arise in the context of a record that, consistent with the discussion in this order, properly raises the waiver issue.

<u>Conclusion</u>

The court GRANTS Kraft's motion for a protective order, based on the record currently before it.

So ORDERED.

Date: __06/24/2010__          _____
                                              Debra McVicker Lynch
                                              United States Magistrate Judge
                                              Southern District of Indiana

Distribution:

Norman B. Berger
VARGA BERGER LEDSKY HAYES & CASEY
nberger@vblhc.com

Patricia L. Boye-Williams
JENNER & BLOCK LLP
pboye-williams@jenner.com

Cory Stephen Brundage
cb@brundagelaw.com

Shawn M. Collins
THE COLLINS LAW FIRM, P.C.
smc@collinslaw.com

Philip L. Harris
JENNER & BLOCK LLP
pharris@jenner.com

Michael D. Hayes
VARGA BERGER LEDSKY HAYES & CASEY
mhayes@vblhc.com

Robert Srader Hulett
HACKMAN HULETT & CRACRAFT LLP
rhulett@hhclaw.com

Edward J. Manzke
THE COLLINS LAW FIRM, P.C.
ejmanzke@collinslaw.com

Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
arapier@collinslaw.com

Steven M. Siros
JENNER & BLOCK LLP
ssiros@jenner.com

Ellen Morrison Townsend
HACKMAN HULETT & CRACRAFT LLP
etownsend@hhclaw.com