Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN and PATRICK STOLL, MARY and CHARLES BOWLES, individually and on behalf of all persons similarly situated, | ) ) ) ) | |
| | ) | Case No. 1:09 cv 0364 LJM-DML |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KRAFT FOODS GLOBAL, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT KRAFT FOODS GLOBAL, INC.'S
RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS**

Defendant Kraft Foods Global, Inc. ("Kraft Foods"), by its attorneys Jenner & Block

LLP, responds to Plaintiffs' Requests for Admissions as follows:

**GENERAL STATEMENT**

In answering Plaintiffs' Requests for Admissions, Kraft Foods has made reasonable

efforts to research documents and data regarding the subject matter of the present lawsuit. These

responses are based upon information presently available to Kraft Foods and its attorneys and

specifically known to the individuals who are preparing these responses. It is possible that future

discovery and independent investigation may supply additional facts or information, add

meaning to known facts, and may establish entirely new factual conclusions and contentions, all

of which may lead to substantial additions to, changes in, and variations from the responses set

forth here.

These responses are made without prejudice to the right of Kraft Foods to provide

additional evidence at the time of trial.

## GENERAL OBJECTIONS

1.    Kraft Foods objects to Plaintiffs' Requests on the grounds that they are overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and/or otherwise incapable of reasonable ascertainment.

2.    Kraft Foods objects to Plaintiffs' Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or protection.

3.    Kraft Foods objects to Plaintiffs' Requests to the extent that they seek information that is outside of Kraft Foods' possession, custody or control.

4.    Kraft Foods objects to Plaintiffs' Requests to the extent that they seek information that can be obtained from other sources, including public sources, in a manner that is more convenient, less burdensome and/or less expensive.

5.    Kraft Foods objects to Plaintiffs' Requests to the extent that they purport to impose obligations upon Kraft Foods that are inconsistent with and/or in addition to those obligations imposed by the applicable provisions of the Federal Rules of Civil Procedure or applicable local rules.

6.    Kraft Foods objects to Plaintiffs' Requests to the extent that they call for the disclosure of trade secrets or confidential, proprietary, or competitively sensitive information. To the extent such information is responsive, relevant, and non-privileged, Kraft Foods will produce such information pursuant to an appropriate protective order agreed to by the parties.

7.    Discovery and investigation are continuing. Therefore, Kraft Foods reserves the right to revise, correct, supplement, or clarify its objections and responses based upon the discovery of new and/or additional information.

## ANSWERS

1.     Kraft Food Global, Inc. is by operation of law, merger, name change or otherwise the successor-in-interest to P.R. Mallory & Company, Inc., including its Radio Materials Division.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request because it calls for a legal conclusion. Subject to the foregoing Specific and General Objections, Kraft Foods denies that it is by operation of law, merger, name change, or otherwise the successor-in-interest to P.R. Mallory & Company, Inc., including its Radio Materials Division. Responding further, Kraft Foods states that it is by operation of law, merger, name change, or otherwise the successor-in-interest to pertinent rights and obligations of the P.R. Mallory & Company, Inc., including its Radio Materials Division .

2.     Kraft Food Global, Inc. is by operation of law, merger, name change or otherwise the successor-in-interest to Radio Materials Corporation.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods specifically objects to this Request because it calls for a legal conclusion. Subject to the foregoing Specific and General Objections, Kraft Foods denies that is by operation of law, merger, name change or otherwise the successor-in-interest to Radio Materials Corporation. Responding further, Kraft Foods states that on or about October 2, 2002, Kraft Foods entered into an agreement with Radio Materials Corporation pursuant to which Radio Materials Corporation assigned certain rights to Kraft Foods.

3.     From 1957 until January 1, 1979, P.R. Mallory & Company, Inc. operated a facility located on East Park Avenue in Attica, Indiana, which manufactured electronic components including capacitors.

3

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods admits Request No. 3.

4.      As of December 31, 1978 Radio Materials Corporation acquired the assets of the Radio Materials Division of P.R. Mallory & Company, including the Site.[1]

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods admits Request No. 4.

5.      Kraft Foods Global, Inc. has owned and/or operated the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods denies Request No. 5.

6.      Trichloroethene (TCE) was stored at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods lacks knowledge or information sufficient to admit or deny Request No. 6. Responding further, Kraft Foods acknowledges that various environmental reports reference that Trichloroethene ("TCE") was stored at the Site.

---

[1] "The Site," as that term is used herein, is defined as the Radio Materials Corporation facility located in Attica, Indiana, and as depicted in Figure 1.1 to the Aquifer Testing Report prepared by Conestoga-Rovers & Associates, dated December 23, 2008 (a copy of Figure 1.1 was attached as Appendix A to Plaintiffs' Requests for Admissions).

4

7.    TCE was used in manufacturing operations at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods lacks knowledge or information sufficient to admit or deny Request No. 7. Responding further, Kraft Foods acknowledges that various environmental reports reference that TCE was used in manufacturing operations at the Site.

8.    Tetrachloroethene (PCE) was stored at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods lacks knowledge or information sufficient to admit or deny Request No. 8. Responding further, Kraft Foods acknowledges that various environmental reports reference that Tetrachloroethene ("PCE") was stored at the Site.

9.    PCE was used in manufacturing operations at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods lacks knowledge or information sufficient to admit or deny Request No. 9. Responding further, Kraft Foods acknowledges that various environmental reports reference that PCE was used in manufacturing operations at the Site.

10.    TCE dense nonaqueous phase liquid (DNAPL) is present at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods lacks

5

sufficient knowledge or information to admit or deny Request No. 10. Further responding, Kraft Foods states that at least one environmental report for the Site, the Final Phase 1 RFI Workplan prepared by Bodine Environmental Services (Nov. 1999), indicates that DNAPL (without specifying what type of DNAPL) was present at the Site. Further responding, Kraft Foods states that in a letter dated November 19, 2004 from Steve Wanner to Bhooma Sundar, reference was made to limited observations of DNAPL which were observed in individual boreholes at specific depths at SWMU 5 and SWMU 11.

11.    PCE DNAPL is present at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods lacks sufficient knowledge or information to admit or deny Request No. 11. Further responding, Kraft states that at least one environmental report for the Site, the Final Phase 1 RFI Workplan prepared by Bodine Environmental Services (Nov. 1999), indicates that DNAPL (without specifying what type of DNAPL) was present at the Site. Further responding, Kraft Foods states that in a letter dated November 19, 2004 from Steve Wanner to Bhooma Sundar, reference was made to limited observations of DNAPL which were observed in individual boreholes at specific depths at SWMU 5 and SWMU 11.

6

12.    TCE from the Site is present in the soil and/or groundwater beneath some or all of the homes in the Class Area.[2]

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods admits that TCE is present in the groundwater under some homes in the Class Area. Kraft Foods lacks sufficient information to enable it to admit or deny that the TCE that is present under some homes in the Class Area originated from the Site.

13.    PCE from the Site is present in the soil and/or groundwater beneath some or all of the homes in the Class Area.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Kraft Foods admits that PCE is present in the groundwater under some homes in the Class Area. Kraft Foods lacks sufficient information to enable it to admit or deny that the PCE that is present under some homes in the Class Area originated from the Site.

14.    TCE in the soil and/or groundwater beneath the Class Area has caused vapor intrusion inside homes located within the Class Area.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein. Subject to the foregoing General Objections, Kraft Foods admits that indoor air samples of certain buildings within the Class Area have detected the presence of TCE. Except as expressly admitted, Kraft Foods denies Request No. 14.

---

[2] "The Class Area," as that term is used herein, is defined as that area which is depicted in Exhibit 1 to Plaintiffs' Motion for Class Certification, Document 41-2 (a copy of Exhibit 1 was attached as Appendix B to Plaintiffs' Requests for Admissions).

15.     PCE in the soil and/or groundwater beneath the Class Area has caused vapor intrusion inside homes located within the Class Area.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Subject to the foregoing General Objections, Kraft Foods admits that indoor air samples of certain buildings within the Class Area have detected the presence of PCE.  Except as expressly admitted, Kraft Foods denies Request No. 15.

16.     Vinyl chloride in the soil and/or groundwater beneath the Class Area has caused vapor intrusion inside homes within the Class Area.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Subject to the foregoing General Objections, Kraft Foods admits that indoor air samples of certain buildings within the Class Area have detected the presence of vinyl chloride.  Except as expressly admitted, Kraft Foods denies Request No. 16.

17.     TCE was released[3] into the environment[4] at the Site.

**RESPONSE:** Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Subject to the foregoing General Objections, Kraft Foods admits that TCE has been identified in the soil and/or groundwater at the Site.  Except as expressly admitted, Kraft Foods denies Request No. 17.

---

[3] "Released," as that term is used herein, is defined as any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment.  42 U.S.C. § 9601(22).

[4] "Environment," as that term is used herein, is defined as any surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air.  42 U.S.C. § 9601(8)(B).

8

18.    PCE was released into the environment at the Site.

**RESPONSE:**  Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Subject to the foregoing General Objections, Kraft Foods admits that PCE has been identified in the soil and/or groundwater at the Site.  Except as expressly admitted, Kraft Foods denies Request No. 18.

19.    Vinyl chloride was released into the environment at the Site.

**RESPONSE:**  Kraft Foods incorporates by reference all of its General Objections as if specifically stated herein.  Subject to the foregoing General Objections, Kraft Foods denies Request No. 19.

Respectfully submitted,

**KRAFT FOODS GLOBAL, INC.**

By:_____
One of its attorneys

Philip L. Harris
Steven M. Siros, #06226114
Patricia L. Boye-Williams
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312)222-9350

Robert S. Hulett
Ellen Morrison Townsend, #20279-49
HACKMAN HULETT & CRACRAFT, LLP
111 Monument Circle, Suite 3500
Indianapolis, IN 46204-2030
Telephone: (317) 636-5401

9

1782311

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2009, a copy of Defendant Kraft Foods Global, Inc.'s Responses to Plaintiffs' Requests for Admissions was served on the following parties by U.S. Mail and by e-mail:

Cory Brundage                          cb@brundagelaw.com
Cory Brundage, LLC
2500 One American Square
Indianapolis, IN 46282

Shawn M. Collins                       smc@collinslaw.com
Edward J. Manzke                       ejmanzke@collinslaw.com
Aaron W. Rapier                        arapier@collinslaw.com
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563

Norman B. Berger                       nberger@vblhc.com
Michael D. Hayes                       mhayes@vblhc.com
Anne E. Viner                          aviner@vblhc.com
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604

Philip L. Harris
Steven M. Siros, #06226114
Patricia L. Boye-Williams, #6196754

Attorneys for Defendant Kraft Foods Global, Inc.

JENNER & BLOCK, LLP
330 N. Wabash Ave.
Chicago, IL 60611
Telephone:  312-923-2675